IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES BOONE,<br><br>    Plaintiff,<br><br> v.<br><br>NEWSWEEK LLC;<br>NEWSWEEK PUBLISHING LLC;<br>NEWSWEEK DIGITAL LLC;<br>NEWSWEEK MAGAZINE LLC;<br>NEWSWEEK HOLDINGS LLC;<br>NEWSWEEK MEDIA LLC, and<br>COURTNEY BROGLE,<br><br>    Defendants. | Civil Action No.<br><br>[formerly Phila. Court of Common Pleas Case No. 220302081] |

## NOTICE OF REMOVAL

  Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendants Newsweek Digital LLC, Newsweek Magazine LLC, Newsweek Holdings LLC, Newsweek Media LLC and Courtney Brogle (collectively, "Defendants"), by and through their undersigned counsel, hereby remove the above-entitled matter to this Court from the Philadelphia Court of Common Pleas, where it is currently pending as Case No. 2209302081. In support of this removal, Defendants state as follows:

  1. On March 21, 2022, Plaintiff James Boone ("Plaintiff" or "Boone") filed a complaint (the "Complaint") in the Court of Common Pleas, Philadelphia County, Pennsylvania. That action is captioned *Boone v. Newsweek, LLC, et al,* and docketed in the State Court as Case No. 2209302081 (the "State Court Action").

  2. In the Complaint, Plaintiff alleges that, on April 17, 2021, Defendants published an article, written by Courtney Brogle ("Brogle"), accompanied by a photograph of him that

1

falsely represented he had "'been put on leave after video of him 'racially profiling' a Black man at a diner went viral.'"  Compl. ¶ 18.

3. "In point of fact," Plaintiff alleges, he "did not racially profile anyone at a diner or otherwise."  *Id.* ¶ 19.  Nor was he placed on leave, Plaintiff alleges, because "these events concern another police officer altogether."  *Id.* ¶ 21.

4. As a result of Defendants' actions, Plaintiff claims he was defamed and cast in a false light.  *See id*. ¶¶ 43–74.

5. The Complaint seeks unspecified compensatory and punitive damages, interest and "damages for prejudgment delay."  Compl. at 15.  The Civil Cover sheet accompanying Plaintiff's State Court Complaint states that the amount in controversy" is "more than $50,000."  With regard to compensatory damages, Plaintiff's Complaint states, *inter alia*:

> [B]ecause his falsely captioned photograph appeared in the article, the Plaintiff and his family received numerous inquiries in the immediate wake of the Defendants' publications from those who saw the Defendants' publications and believed the Plaintiff had been accused of racial profiling and was suspended from his job as a result.  Compl. ¶ 5.
>
> [D]ue to Newsweek's and Brogle's reckless journalistic misconduct, Officer Boone's image with the accompanying caption which conveys false misrepresentations about him are now widely disseminated over social media and the Internet.  *Id.* ¶ 23
>
> Both Brogle and Newsweek have forever scarred Officer Boone as a no good, racial-profiler without any basis in fact and in violation of basic journalist standards.  *Id.* ¶ 25.
>
> Since publication on April 17th, Officer Boone has been repeatedly bombarded via text, email and social media by those who have reviewed the publication and were misled by the Defendants into believing Officer Boone is a racist and unfit officer.  *Id.* ¶ 27.
>
> The Defendants' false depiction and misrepresentations about Officer Boone have further understandably caused and continue to cause him a great deal of distress and embarrassment, and have caused substantial injury to his reputation.  *Id.* ¶ 28.

Particularly given the present political environment in this country, Officer Boone has been tainted with the Defendants' false allegations of racism which has compromised his ability as a law enforcement witness to participate in numerous homicide and other criminal cases pending in Pennsylvania. *Id.* ¶ 29.

The Plaintiff's family, including his parents, have been besieged by members of the public who are demanding an explanation for why Officer Boone believes racial profiling is acceptable. *Id.* ¶ 30.

Officer Boone has had to request local police protection out of concern for his welfare and that of his wife and two small boys. *Id.* ¶ 31.

Officer Boone and his family have had to vary their activities out of concern for their safety. *Id.* ¶ 32.

The Plaintiff cannot sleep, is extremely stressed, and was unable to return to duties for a significant period of time after the publications were first posted. *Id.* ¶ 33.

Officer Boone has had to seek medical care and fears that he will be unable to continue his community activities, such as coaching youth football and flag football, because Defendants Newsweek and Brogle falsely labeled him a racist. *Id.* ¶ 34.

As a direct and proximate result of the Defendants' malicious actions or failures to act, the Plaintiff was caused to suffer discomfort, trauma, humiliation, embarrassment, emotional distress, anxiety, depression characterized by feeling of despair, hopelessness, and despondency, some or all of which may be permanent and which may continue indefinitely into the future. *Id.* ¶ 66.

As a direct and proximate result of the Defendants' malicious actions or failures to act, the Plaintiff was caused to suffer physical symptoms and injury characterized by weight loss, sleeplessness, headaches, appetite loss, and other physical discomforts. *Id.* ¶ 67.

As a direct and proximate result of the Defendants' malicious actions or failures to act, the Plaintiff was caused to suffer a loss of life's pleasures which may continue indefinitely into the future. *Id.* ¶ 68.

6.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto as **Exhibit A.** True and correct copies of all other filings in the State Court Action are attached hereto as **Exhibit B.**

7. As stated by Plaintiff in his state court filings, Plaintiff served defendants Newsweek Digital LLC, Newsweek Holdings LLC, Newsweek Magazine LLC and Newsweek Media LLC by certified mail on March 25, 2022.

8. As stated by Plaintiff in his state court filings, Plaintiff served defendant Brogle on April 9, 2022.

9. To date, according to the State Court docket and to undersigned counsel's knowledge, defendants Newsweek LLC and Newsweek Publishing LLC have not been served with process.

10. Defendants have not yet responded to the Complaint.

11. Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal must be "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." Thirty days from March 25, 2022, is Sunday, April 24, 2022. Under Fed. R. Civ. P. 26(a)(1)(C), if the last day of a specified time period is a Sunday, "the period continues to run until the end of the next day that is not a [Sunday]." Thirty days from April 9, 2022, is May 9, 2022. This Notice of Removal is being filed on April 25, 2022, which is therefore timely under 28 U.S.C. § 1446(b)(1) and Fed. R. Civ. P. 26(a)(1)(c).

## **REMOVAL IS PROPER UNDER 28 U.S.C. § 1332, 1441 and 1446**

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and all Defendants and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

13. Plaintiff alleges that he resides in the Commonwealth of Pennsylvania and is a citizen of the Commonwealth. Compl. ¶12.

14. Defendants Newsweek LLC, Newsweek Publishing LLC, Newsweek Digital LLC, Newsweek Magazine LLC, Newsweek Holdings LLC and Newsweek Media LLC (collectively, the "Newsweek entities") are all limited liability companies organized under the laws of the State of New York, with their principal places of business in New York.  Each of the Newsweek Entities has the same single member:  NW Media Holdings Corp.  NW Media Holdings is a New York corporation, with a principal place of business in New York.

15. Accordingly, for diversity purposes, the Newsweek Entities are all citizens of New York.  *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) ("[T]he citizenship of an LLC is determined by the citizenship of its members.").  None of the Newsweek Entities are citizens of the Commonwealth of Pennsylvania.

16. Defendant Brogle is an individual who is domiciled and lives in the State of New York.  She is not a citizen of the Commonwealth of Pennsylvania.

17. Accordingly, there is complete diversity of citizenship between Plaintiff, who is a citizen of the Commonwealth of Pennsylvania, and all Defendants, who are citizens of the State of New York.

18. The amount in controversy also exceeds the sum or value of $75,000, exclusive of interests and costs.  In determining the amount in controversy in removal cases, courts first look to a plaintiff's complaint.  *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004).  In his Complaint, Plaintiff requests an unspecified amount of damages, described in the Civil Cover Sheet of the State Court Action as "more than $50,000." The Complaint also seeks punitive damages, interest and damages for prejudgment delay.  Where a complaint does not contain a precise amount of the damages sought by the plaintiff, "the amount in controversy is not measured by the low end of an open-ended claim but rather by a reasonable reading of the

value of the rights being litigated." *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). Moreover, "'when both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied.'" *Goldfarb v. Kalodimos*, 539 F. Supp. 3d 435, 450 (E.D. Pa. 2021) (quoting *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993)). "[C]ourts in this District hold that the amount in controversy requirement is met when a punitive to compensatory damages ratio of at least 1-to-1 exceeds the $75,000 threshold." *Id*.

19. In his Complaint Plaintiff seeks compensatory damages for "substantial injury to his reputation," as well as emotional distress, pain and suffering, including "extreme stress," sleeplessness, and fear for his family's safety, in an amount exceeding $50,000. *See supra* ¶ 5. Given his demand for punitive damages, a 1-to-1 ratio of compensatory to punitive damages easily satisfies the $75,000 jurisdictional threshold. *See Goldfarb,* 539 F. Supp. 3d at 449–50 (jurisdictional threshold was satisfied where plaintiff sought punitive damages along with compensatory damages "in excess of $50,000"). Thus, based upon a "reasonable reading of the value of the rights being litigated," the $75,000 amount in controversy requirement is satisfied for jurisdictional purposes.

## PROCEDURAL REQUIREMENTS

20. In accordance with the provisions of 28 U.S.C. § 1441, *et seq.,* this Notice of Removal is being filed in the United States District Court for the Eastern District of Pennsylvania, which is the judicial district in which the state court action was filed.

21. Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

22. Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with a copy of this Notice of Removal, and a copy is being filed with the Clerk of the State Court.

23. Because Defendants Newsweek LLC and Newsweek Publishing LLC have not been served in this action, their consent to removal is not required. *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985) (exception to rule requiring that all defendants join removal is "when a non-resident defendant has not been served at the time the removing defendants file their petition"). Pursuant to 28 U.S.C. §1446 (b)(2), all Defendants who have been served consent to the removal of the action.

24. By removing this action, Defendants do not admit any of the allegations in the Complaint. Indeed, Defendants expressly deny all claims, liability and damages asserted in the Complaint.

25. This removal is made without any waiver of any defects in procedure, defenses or affirmative defenses, including those provided under Fed. R. Civ. P. 12, or the Defendants' right to move for dismissal on substantive or procedural grounds, of any cause of action asserted in the Complaint.

**WHEREFORE,** Defendants Newsweek Digital LLC, Newsweek Magazine LLC, Newsweek Holdings LLC, Newsweek Media LLC and Courtney Brogle hereby remove this civil action from the Court of Commons Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

    Respectfully submitted,

    _____
    Derek Jokelson
    JOKELSON LAW GROUP, P.C.
    230 South Broad St., 10th Floor
    Philadelphia, PA 19102
    Telephone: 215.735.7556
    dej@jokelson.com

    Cameron Stracher (*pro hac vice forthcoming*)
    Sara Tesoriero (*pro hac vice forthcoming*)
    CAMERON STRACHER, PLLC
    51 Astor Place, 9th Floor
    New York, NY 10003
    Telephone: 646.992.3850
    cam@stracherlaw.com
    sara@stracherlaw.com

Dated:  April 25, 2022

## CERTIFICATE OF SERVICE

I, Derek E. Jokelson, hereby certify that on April 25, 2022, I caused a true and correct copy of the Notice of Removal to be filed *via* the Court's ECF System, and to be served on all counsel of record *via* the Court's ECF System, unless they are not registered to receive filing electronically, in which case service was made *via* First Class Mail.

        Joseph R. Podraza, Jr., Esquire
        William H. Trask, Esquire
        Lamb McErlane PC
        One South Broad Street
        Suite 1500
        Philadelphia, PA 19107

        _____
        Derek Jokelson, Esquire
        JOKELSON LAW GROUP, P.C.
        230 South Broad St., 10th Floor
        Philadelphia, PA 19102
        Telephone: 215.735.7556
        dej@jokelson.com